UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAQUAN WILLIAMS,

                Plaintiff,

     -against-

MDC BROOKLYN/FBOP,

               Defendant.

24-CV-7849 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently held in the Hudson County Correctional Center in Kearny, New Jersey, brings this *pro se* action, alleging that Defendant violated his federal constitutional rights when he was held in the Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn"). Named as Defendants are MDC Brooklyn and, possibly, the Federal Bureau of Prisons ("BOP").[1] For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

The venue provision for a civil action against a federal officer or agency provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof . . ., or an agency of the United States . . . may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

---

[1] Plaintiff lists the defendant as "MDC Brooklyn/fbop." (ECF 1, at 2.)

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Because MDC Brooklyn is not a suable entity, and BOP, as a federal agency, is likely immune from Plaintiff's constitutional claims for money damages, it is unclear where a proper defendant in this action resides for venue purposes. Moreover, while Plaintiff is currently held in a facility in Hudson County, New Jersey, he does not allege where he is domiciled. *See Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007) (there is a rebuttable presumption that a prisoner retains his pre-incarceration domicile). Because it is unclear where Plaintiff and a proper defendant resides, the Court is therefore unable to determine whether venue is proper in this District under Section 1391(e)(1)(A), (C).

Plaintiff alleges no facts suggesting that the events giving rise to his claims occurred in this District.[2] He instead asserts that the events occurred at MDC Brooklyn, which is located in Kings County, New York, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Venue for Plaintiff's claims is therefore proper under Section 1391(e)(1)(B) in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts;

---

[2] This judicial District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

(4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred at MDC Brooklyn in Kings County, and it is reasonable to expect that all relevant documents and witnesses also would be in Kings County. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[3] A summons shall not issue from this court. This order closes this case in this court.

---

[3] Plaintiff has not filed an application to proceed *in forma pauperis* or a prisoner authorization.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    October 17, 2024
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

4